# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-675

STATE OF LOUISIANA

VERSUS

JOSEPH M. MELBERT

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2023-2898
HONORABLE JUDI F. ABRUSLEY, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.

**Joseph Green**
**District Attorney, Thirty-Third Judicial District**
**P. O. Box 839**
**Oberlin, Louisiana 70655**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Gregory Cook**
**Cook & Associates, LLC**
**1746 Wooddale Boulevard**
**Baton Rouge, Louisiana 70806**
**(225) 924-1117**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Joseph M. Melbert**

**WILSON, Judge.**

On August 6, 2024, Defendant Joseph M. Melbert entered a no contest plea to possession with intent to distribute cocaine, a violation of La.R.S. 40:967, and to the habitual offender bill, which charged him as a second offender pursuant to La.R.S. 15:529.1. Defendant attempted to withdraw his plea on October 2, 2024; however, that request was denied. Defendant was then sentenced to serve twenty years at hard labor. Defendant filed a Motion for Appeal on October 17, 2024, which was subsequently granted. A Motion to Reconsider Sentence was filed on October 24, 2024 and was denied the following day.

Defendant's appeal was lodged with this court on December 13, 2024. Counsel for Defendant filed a brief on January 6, 2025, alleging the following errors: 1) the trial court erred when it refused to allow Defendant to speak on his own behalf and raise objections; 2) ineffective assistance of counsel; and 3) the trial court abused its discretion when it imposed a sentence of twenty years. Thereafter, this court was notified of Defendant's death. Counsel for Defendant subsequently provided this court with a pathology report reflecting Defendant's death on January 15, 2025.

In *State v. Gleason*, 21-1788, p. 8 (La. 11/10/22), 349 So.3d 977, 982–83, the supreme court held: "[W]hen a defendant dies during the pendency of an appeal, the appeal shall be dismissed and the trial court shall enter a notation in the record that the conviction removed the defendant's presumption of innocence but was neither affirmed nor reversed on appeal due to the defendant's death."

Defendant's appeal is therefore dismissed, and the matter is remanded to the trial court to enter a notation in the record that while the conviction removed Defendant Joseph M. Melbert's presumption of innocence, it was neither affirmed nor reversed on appeal due to his death.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**